COBB, Judge.
This is an appeal from a summary judgment in favor of the appellees/defendants on a legal malpractice claim. The appellants contended that they, acting through their counsel in New Jersey (Lutz), had employed the defendant attorneys, Stutin and Stein-berg, to pursue their personal injury action in Florida, and that the Florida attorneys failed to file such action within the applicable statute of limitations.
Beginning in early April, 1988, Lutz initiated correspondence with the defendants concerning referral of the tort claim. Stutin sent a proposed contract to Lutz for execution by the plaintiffs, and agreed that, upon receipt of the executed contract, he would file suit on the latter’s behalf. Thereafter, however, Stutin discovered that there was a significant problem concerning the relationship between the plaintiffs’ injuries and the particular incident to which they attributed them.
The uncontroverted fact is that upon receipt of the proposed written contract signed by the plaintiffs, Stutin, on or about June 15, 1988, telephoned Lutz and advised the latter that he needed additional medical information before he could accept the case. Statin’s telephone memorandum in regard to this conversation, which was made contemporaneously with it, was not controverted by the affidavit of Lutz filed in opposition to the defendants’ motion for summary judgment.
It is uncontroverted that Lutz failed to send the requested information to Stutin. Realizing that Statin had not accepted the case, Lutz proceeded in January, 1989 to undertake settlement negotiations with the alleged tortfeasor’s insurer without any involvement or knowledge of Stutin. According to Lutz it was after these negotiations proved unsuccessful that he forwarded the ease to Stutin for representation but there are no facts of record to indicate that either defendant, Stutin or Steinberg, thereafter agreed to handle the matter. The proposed written contract was never signed by either of the defendant attorneys.
AFFIRMED.
HARRIS, C.J., concurs.
DAUKSCH, J., dissents with opinion.